UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUMMIT TECHNOLOGIES, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | |
| | : | 3:09CV00531 (SRU) |
| SUBHAS RYON RAGHURAI, A.S.A.P. | : | |
| RESOURCE GROUP, INC., TAYLORED | : | |
| STAFFING, and ALVIN RAGHURAI, | : | |
| | : | |
| Defendants | : | JUNE 4, 2009 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SUBHAS RYON
RAGHURAI, TAYLORED STAFFING AND ALVIN RAGHURAI, AND
<u>COUNTERCLAIM OF TAYLORED STAFFING</u>**

Defendants Subhas Ryon Raghurai ("Ryon Raghurai"), Taylored Staffing, Inc.

("Taylored Staffing") and Alvin Raghurai (collectively "Answering Defendants"), for their

Answer to Plaintiff Summit Technologies, Inc.'s Complaint, state as follows:

<u>**Parties**</u>

1.     Ryon Raghurai admits the allegations of Paragraph 1.  Taylored Staffing and

Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 1 and, therefore, deny such allegations.

2.     Answering Defendants admit the allegations of Paragraph 2.

3.     Answering Defendants admit that ASAP has a place of business at 500 Ocean

Drive, Suite 9A West, Juno Beach, Florida, 33408, and lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of Paragraph 3 and, therefore, deny

such allegations.

4.     Answering Defendants admit that Taylored Staffing, Inc. is a Canadian

corporation but deny the remaining allegations of Paragraph 4.

5.      Answering Defendants admit that Alvin Raghurai is an individual and Canadian citizen who resides at 2 Regency Square, Scarborough, Ontario M1E 1N3 Canada and is the brother of Ryon Raghurai.  Answering Defendants deny the remaining allegations of Paragraph 5.

## Jurisdiction and Venue

6.      Paragraph 6 sets forth a legal conclusion, to which no response is required.

7.      Paragraph 7 sets forth a legal conclusion, to which no response is required.

8.      Paragraph 8 sets forth a legal conclusion, to which no response is required.  To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, deny same.

9.      Ryon Raghurai denies the allegations of Paragraph 9 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 9 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and, therefore, deny same.

10.     Answering Defendants deny the allegations of Paragraph 10.

**Background and Facts Common to All Counts**

11.     Ryon Raghurai denies the allegations of Paragraph 11 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 11 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and, therefore, deny same.

12.     Ryon Raghurai admits the allegations of Paragraph 12.  Taylored Staffing and Alvin Raghurai admit that Summit provides technology-based staffing services but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and, therefore, deny same.

13.     Answering Defendants admit that Summit has worked with prime vendors of IT services to provide IT staffing services for projects, including locating, recruiting and coordinating appropriate IT personnel to staff projects and meet goals outlined by the particular project.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and, therefore, deny same.

14.     Answering Defendants admit that the business of providing IT staffing services to the U.S. Government and to private enterprises is highly competitive and that numerous staffing companies can potentially compete for customer requests and for personnel.  Defendant Ryon Raghurai denies the allegations of the second sentence of Paragraph 14.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the

allegations of the second sentence of Paragraph 14 and, therefore, deny same.  Answering Defendants deny the remaining allegations of Paragraph 14.

15.     Ryon Raghurai admits that Summit provided IT staffing services and has been placed on approved prime vendor lists, and that placement on these lists can identify Summit to a prime vendor of IT services as an approved company and offer an opportunity to potentially fill a prime's IT staffing requirements.  Ryon Raghurai lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, deny same.

16.     Ryon Raghurai admits that the United States Department of Defense has granted Summit a Facilities Clearance at the "Top Secret" level, and that this clearance assists Summit in providing IT staffing services in connection with U.S. Government projects.  Ryon Raghurai denies the remaining allegations of Paragraph 16.  Taylored Staffing and Alvin Raghurai admit on information and belief that the United States Department of Defense has granted Summit a Facilities Clearance at the "Top Secret" level and that this clearance assists Summit in providing IT staffing services in connection with U.S. Government projects.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and, therefore, deny same.

17.     Ryon Raghurai admits that Summit has identified, located and recruited various personnel who also possess clearance levels that are similar to Summit's and who are qualified to perform IT security functions for the U.S. Government, and that Summit created and maintains a list of staffing personnel.  Ryon Raghurai denies the remaining allegations of Paragraph 17.

Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, deny same.

18.     Ryon Raghurai admits that Summit created a database of personnel, and that it has expended resources in locating, recruiting and placing qualified personnel in connection with providing IT staffing services to various different clients for various different projects.  Ryon Raghurai denies the remaining allegations of Paragraph 18.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, deny same.

19.     Ryon Raghurai admits that Summit developed the Sales Tracking and Recruiting System ("STARS") computer software program, that this program assists in managing and maintaining information regarding IT staffing personnel, and that the STARS program has been used in connection with sales and recruiting requirements relating to Summit's business.  Ryon Raghurai admits the last two sentences of Paragraph 19 and denies the remaining allegations of Paragraph 19.  Taylored Staffing and Alvin Raghurai admit that the STARS program assists in managing and maintaining information regarding IT staffing personnel and that the STARS program has been used in connection with sales and recruiting requirements relating to Summit's business.  Taylored Staffing and Alvin Raghurai admit the last two sentences of Paragraph 19, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 and, therefore, deny same.

20.     Ryon Raghurai admits that Summit has, in the past, spent money to subscribe to various on-line job boards, including CareerBuilder.com, Monster.com and Dice.com, and that these boards assist Summit in locating and  recruiting appropriate IT personnel to staff client projects.  Ryon Raghurai denies the remaining allegations of Paragraph 20.  Taylored Staffing

and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, deny same.

21.     Ryon Raghurai admits that Summit created a Candidate Tracking System ("CTS"), that CTS maintains and manages information concerning specific candidates which have been collected over the years, and that this information can include the information described in the second sentence of Paragraph 21.  Ryon Raghurai denies the remaining allegations of Paragraph 21.  Taylored Staffing and Alvin Raghurai admit that CTS maintains and manages information concerning specific candidates which have been collected over the years, and that this information can include the information described in the second sentence of Paragraph 21.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 and, therefore, deny same.

22.     Ryon Raghurai denies the allegations of Paragraph 22.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, deny same.

23.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, deny same.

24.     Ryon Raghurai admits that he was employed by Summit from December 2002 to March 2009 and that, for certain periods of his employment, he was Vice President of Sales and Alliances.  Ryon Raghurai denies that he held that title during the entirety of his employment relationship with Summit, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 and, therefore, denies same.  Taylored

Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and, therefore, deny same.

25.     Ryon Raghurai admits that he was hired by Summit for the purpose, among other things, of increasing sales, that he received compensation and benefits and, during certain periods of his employment, had use of a company car, and that, as part of his compensation package, he was issued shares of Summit stock which equal to 25 percent of all outstanding stock in Summit.  Ryon Raghurai denies the remaining allegations of Paragraph 25.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and, therefore, deny same.

26.     Ryon Raghurai admits that, during the course of his employment, he had access to certain information maintained by Summit, including the categories of information set forth in the first sentence of Paragraph 26, that some of this information was kept by Summit as confidential, and that some of it was valuable to Summit.  Ryon Raghurai lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, deny same.

27.     Ryon Raghurai denies the allegations of Paragraph 27.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, deny same.

28.     Ryon Raghurai denies the allegations of Paragraph 28.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and, therefore, deny same.

29.     Ryon Raghurai denies the allegations of Paragraph 29.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, deny same.

30.     Ryon Raghurai denies the allegations of Paragraph 30.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, deny same.

31.     Ryon Raghurai denies the allegations of Paragraph 31.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, deny same.

32.     Ryon Raghurai admits that he signed a document which purported to be an "Acknowledgment" and refers to the document for its specific language, denies that he was provided a Policy and Procedure Manual, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and, therefore, denies same. Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and, therefore, deny same.

33.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, deny same.

34.     Ryon Raghurai admits that, during the course of his employment, he traveled on several occasions to and attended meetings in Connecticut, communicated with Summit's Connecticut office through telephone conversations, electronic and other mail, and facsimile, received his salary and expense reimbursements from Summit's office in Connecticut, and, during certain periods of his employment, was provided a company car, which is owned by and registered to Summit and has been issued a Connecticut license plate.  Ryon Raghurai denies the

remaining allegations of Paragraph 34. Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and, therefore, deny same.

35.     Answering Defendants admit that Taylored Staffing entered into an agreement with Summit in March 2005, that Alvin Raghurai – Ryon Raghurai's brother – is associated with Taylored Staffing, and that Ryon Raghurai initiated the idea of Summit and Taylored Staffing entering into a business relationship. Answering Defendants deny the remaining allegations of Paragraph 35.

36.     Answering Defendants admit that, on or about March 5, 2005, Taylored Staffing and Summit entered into a General Contractor Agreement, deny plaintiff's characterization of the terms of the agreement, and refer to the agreement for its specific language. Ryon Raghurai lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 and, therefore, denies same. Taylored Staffing and Alvin Raghurai admit that, prior to his association with Summit, Alvin Raghurai had no previous experience in the staffing industry or with recruitment of staffing services, and deny the remaining allegations of Paragraph 36.

37.     Answering Defendants admit that, in connection with Taylored Staffing's work for Summit, Summit disclosed certain information to Taylored Staffing and Alvin Raghurai, including certain information falling within the broad categories of information described in the first sentence of Paragraph 37. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and, therefore, deny same.

38.     Answering Defendants admit that Taylored Staffing entered into a General Contractor Agreement with Summit, deny plaintiff's characterization of the terms of the agreement, and refer to the agreement for its specific language.  Answering Defendants deny the remaining allegations of Paragraph 38.

39.     Answering Defendants admit that Taylored Staffing entered into a General Contractor Agreement with Summit, deny plaintiff's characterization of the terms of the agreement, and refer to the agreement for its specific language.  Answering Defendants deny the remaining allegations of Paragraph 39.

40.     Answering Defendants admit that Taylored Staffing entered into a General Contractor Agreement with Summit, deny plaintiff's characterization of the terms of the agreement, and refer to the agreement for its specific language.  Answering Defendants deny the remaining allegations of Paragraph 40.

41.     Answering Defendants admit that Taylored Staffing, through Alvin Raghurai, communicated with Summit's Connecticut office by way of the methods referenced in Paragraph 41 and that Taylored Staffing received payment for certain, though not all, of its services from Summit's office in Connecticut.  Answering Defendants deny the remaining allegations of Paragraph 41.

42.     Ryon Raghurai denies the allegations of Paragraph 42.  Taylored Staffing and Alvin Raghurai deny the allegations of the second sentence of Paragraph 42, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 and, therefore, deny same.

43.     Ryon Raghurai admits that ASAP and Summit first entered into a General Contractor Agreement in June 2006 and that Ryon Raghurai was involved in initiating this

business relationship.  Ryon Raghurai denies plaintiff's characterization of the terms of the General Contractor Agreement, refers to the agreement for its specific language, and denies the remaining allegations of Paragraph 43.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and, therefore, deny same.

44.    Defendant Ryon Raghurai admits that, in connection with ASAP's work for Summit, Summit disclosed certain information to ASAP, including certain information falling within the broad categories of information described in the first sentence of Paragraph 44.  Ryon Raghurai lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and, therefore, deny same.

45.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and, therefore, deny same.

46.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and, therefore, deny same.

47.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and, therefore, deny same.

48.    Answering Defendants admit that ASAP has communicated with Summit, including by certain of the means set forth in Paragraph 48, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 and, therefore, deny same.

49.     Answering Defendants admit that Summit has provided IT staffing services to Unisys on various projects and that Unisys' services include information technology and solutions.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 and, therefore, deny same.

50.     Ryon Raghurai admits that Summit has worked with Unisys and has provided IT staffing services in order to assist in delivering integration services to the Transportation Security Administration.  Ryon Raghurai lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 and, therefore, denies same.   Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and, therefore, deny same.

51.     Ryon Raghurai admits that, at the time his employment with Summit was terminated, the Unisys business constituted a significant portion of Summit's business and an appreciable percentage of Summit's total annual revenue.  Ryon Raghurai denies the remaining allegations of Paragraph 51.  Taylored Staffing and Alvin Raghurai Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and, therefore, deny same.

52.     Ryon Raghurai admits that, during certain periods of his employment at Summit, he was responsible for the Unisys account and for further developing and maintaining the account and held the position of Vice President of Sales and Alliances at Summit.  Ryon Raghurai denies the remaining allegations of Paragraph 52.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and, therefore, deny same.

53.     Ryon Raghurai admits that he secured new customers in the late summer and early fall of 2008 and denies the remaining allegations of Paragraph 53.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and, therefore, deny same.

54.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and, therefore, deny same, but Answering Defendants admit that Alvin Raghurai has used an email address issued by ASAP.

55.     Ryon Raghurai denies the allegations of Paragraph 55 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 55 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55 and, therefore, deny same.

56.     Ryon Raghurai admits that on or about March 4, 2009, he contacted Summit, and further admits the allegations of the second sentence of Paragraph 56.  Ryon Raghurai denies the remaining allegations of Paragraph 56.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and, therefore, deny same.

57.     Ryon Raghurai admits that, during the meeting with Summit on March 5, 2009, he requested an increase of $75,000 over his $225,000 yearly salary.  Ryon Raghurai further admits that he proposed a deal under which he would maintain the Unisys sales account (one of Summit's top accounts) under a separate P&L to be tracked as a division of Summit; and that the

division would use Summit's name, approved vendor list and facilities clearance, as well as the STARS and CTS system.  Ryon Raghurai denies the remaining allegations of Paragraph 57. Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and, therefore, deny same.

58.     Ryon Raghurai admits that, at the March 5 meeting, he was asked about the use of the "asapresourcegroup.com" email address and denies the remaining allegations of Paragraph 58.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and, therefore, deny same.

59.     Ryon Raghurai admits that Summit purported to terminate his employment on March 6, 2009 and denies the remaining allegations of Paragraph 59.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and, therefore, deny same.

60.     Ryon Raghurai lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai admit that, on March 6, 2009, Summit purported to terminate the General Contractor Agreement with Taylored Staffing and deny the remaining allegations of Paragraph 60.

61.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and, therefore, deny same.

62.     Ryon Raghurai denies the allegations of Paragraph 62 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 62 to the extent they are directed to

Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62 and, therefore, deny same.

63.     Ryon Raghurai denies the allegations of Paragraph 63 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 63 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63 and, therefore, deny same.

64.     Ryon Raghurai denies the allegations of Paragraph 64 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 64 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64 and, therefore, deny same.

65.     Ryon Raghurai denies the allegations of Paragraph 65 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 65 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of Paragraph 65 and, therefore, deny same.

66.     Ryon Raghurai denies the allegations of Paragraph 66 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 66 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66 and, therefore, deny same.

67.     Ryon Raghurai denies the allegations of Paragraph 67 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 67 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67 and, therefore, deny same.

68.     Ryon Raghurai denies the allegations of Paragraph 68 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 68 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 68 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 68 and, therefore, deny same.

69.     Ryon Raghurai denies the allegations of Paragraph 69.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and, therefore, deny same.

70.     Ryon Raghurai denies the allegations of Paragraph 70.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and, therefore, deny same.

71.     Ryon Raghurai denies the allegations of Paragraph 71 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 71 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 and, therefore, deny same.

72.     Ryon Raghurai denies that he signed or is bound by the Confidentiality and Non-Competition Agreement, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 72 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and, therefore, deny same.

**FIRST COUNT**
**Computer Fraud and Abuse Act**
**(Against All Defendants)**

73.     Answering Defendants repeat and reallege their responses to Paragraphs 1 through 72 as if fully set forth herein.

74.     Ryon Raghurai denies the allegations of Paragraph 74 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 74 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74 and, therefore, deny same.

75.     Ryon Raghurai denies the allegations of Paragraph 75 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 75 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 75 to the extent they are directed to Taylored Staffing's and/or Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 75 and, therefore, deny same.

76.     Ryon Raghurai denies the allegations of Paragraph 76 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 76 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 76 to the extent they are directed to Taylored Staffing's and/or Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 76 and, therefore, deny same.

77.     Ryon Raghurai denies the allegations of Paragraph 77 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of Paragraph 77 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 77 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 77 and, therefore, deny same.

78.     Ryon Raghurai lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 78.

79.     Ryon Raghurai lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 79.

80.     Ryon Raghurai denies the allegations of Paragraph 80 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 80 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 80 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 80 and, therefore, deny same.

81.     Ryon Raghurai denies the allegations of Paragraph 81 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 81 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of Paragraph 81 and, therefore, deny same.

82.     Ryon Raghurai denies the allegations of Paragraph 82 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 82 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82 and, therefore, deny same.

83.     Ryon Raghurai denies the allegations of Paragraph 83 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 83 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83 and, therefore, deny same.

84.     Ryon Raghurai denies the allegations of Paragraph 84 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 84 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 and, therefore, deny same.

85.     Ryon Raghurai denies the allegations of Paragraph 85 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 85 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 85 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 85 and, therefore, deny same.

86.     Ryon Raghurai denies the allegations of Paragraph 86 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 86 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86 and, therefore, deny same.

## SECOND COUNT
### Breach of Contract
### (Against Defendant Ryon)

Plaintiff's Second Count makes no claims against Taylored Staffing and Alvin Raghurai and, therefore, those defendants do not respond to the allegations set forth therein.  Ryon Raghurai responds to the allegations of the Second Count as follows:

87.     Ryon Raghurai repeats and realleges his responses to Paragraphs 1 through 86 as if fully set forth herein.

88.     Ryon Raghurai denies the allegations of Paragraph 88.

89.     Ryon Raghurai denies the allegations of Paragraph 89.

90.     Ryon Raghurai denies the allegations of Paragraph 90.

91.     Ryon Raghurai denies the allegations of Paragraph 91.

92.     Ryon Raghurai denies the allegations of Paragraph 92.

## THIRD COUNT
### Breach of Covenant of Good Faith and Fair Dealing
### (Against Defendant Ryon)

Plaintiff's Third Count makes no claims against Taylored Staffing and Alvin Raghurai and, therefore, those defendants do not respond to the allegations set forth therein.  Ryon Raghurai responds to the allegations of the Third Count as follows:

93.     Ryon Raghurai repeats and realleges his responses to Paragraphs 1 through 92 as if fully set forth herein.

94.     Ryon Raghurai denies the allegations of Paragraph 94.

95.     Ryon Raghurai denies the allegations of Paragraph 95.

## FOURTH COUNT
### Breach of Duty of Loyalty
### (Against Defendant Ryon)

Plaintiff's Fourth Count makes no claims against Taylored Staffing and Alvin Raghurai and, therefore, those defendants do not respond to the allegations set forth therein.  Ryon Raghurai responds to the allegations of the Fourth Count as follows:

96.     Ryon Raghurai repeats and realleges his responses to Paragraphs 1 through 95 as if fully set forth herein.

97.     Paragraph 97 sets forth a legal conclusion, to which no response is required.  .

98.     Ryon Raghurai lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 and, therefore, denies same.

99.     Ryon Raghurai denies the allegations of Paragraph 99.

100.     Ryon Raghurai denies the allegations of Paragraph 100.

101.     Ryon Raghurai denies the allegations of Paragraph 101.

## FIFTH COUNT
### Breach of Fiduciary Duty
### (Against Defendant Ryon)

Plaintiff's Fifth Count makes no claims against Taylored Staffing and Alvin Raghurai and, therefore, those defendants do not respond to the allegations set forth therein.  Ryon Raghurai responds to the allegations of the Fifth Count as follows:

102.     Ryon Raghurai repeats and realleges his responses to Paragraphs 1 through 101 as if fully set forth herein.

103.     Paragraph 103 sets forth a legal conclusion, to which no response is required.  .

104.     Ryon Raghurai denies the allegations of Paragraph 104.

105.     Ryon Raghurai denies the allegations of Paragraph 105.

106.     Ryon Raghurai denies the allegations of Paragraph 106.

107.     Ryon Raghurai denies the allegations of Paragraph 107.

## SIXTH COUNT
### Breach of Contract
### (Against Taylored Staffing)

Plaintiff's Sixth Count makes no claims against Ryon Raghurai or Alvin Raghurai and, therefore, those defendants do not respond to the allegations set forth therein.  Taylored Staffing responds to the allegations of the Sixth Count as follows:

108.     Taylored Staffing repeats and realleges its responses to Paragraphs 1 through 107 as if fully set forth herein.

109.     Taylored Staffing admits that it entered into a General Contractor Agreement. The remaining allegations of Paragraph 109 set forth legal conclusions, to which no response is

required.  To the extent a response is required, Taylored Staffing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 109 and, therefore, denies same.

110.   Taylored Staffing denies the allegations of Paragraph 110.

111.   Taylored Staffing denies the allegations of Paragraph 111.

112.   Taylored Staffing denies the allegations of Paragraph 112.

113.   Taylored Staffing denies the allegations of Paragraph 113.

## SEVENTH COUNT
**Breach of Covenant of Good Faith and Fair Dealing**
**(Against Taylored Staffing)**

Plaintiff's Seventh Count makes no claims against Ryon Raghurai or Alvin Raghurai and, therefore, those defendants do not respond to the allegations set forth therein.  Taylored Staffing responds to the allegations of the Seventh Count as follows:

114.   Taylored Staffing repeats and realleges his responses to Paragraphs 1 through 113 as if fully set forth herein.

115.   Taylored Staffing denies the allegations of Paragraph 115.

116.   Taylored Staffing denies the allegations of Paragraph 116.

## EIGHTH COUNT
**Breach of Contract**
**(Against ASAP)**

117-122.   Plaintiff's Seventh Count makes no claims against Ryon Raghurai, Alvin Raghurai or Taylored Staffing, and these defendants do not respond to the allegations set forth therein.

## NINTH COUNT
### Breach of Covenant of Good Faith and Fair Dealing
### (Against ASAP)

123-125.       Plaintiff's Eighth Count makes no claims against Ryon Raghurai, Alvin Raghurai or Taylored Staffing, and these defendants do not respond to the allegations set forth therein.

## TENTH COUNT
### Tortious Interference With Business Relations
### (Against All Defendants)

126.       Answering Defendants repeat and reallege their responses to Paragraphs 1 through 125 as if fully set forth herein.

127.       Ryon Raghurai denies the allegations of Paragraph 127 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 127 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 127 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 127 and, therefore, deny same.

128.       Ryon Raghurai denies the allegations of Paragraph 128 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 128 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 128 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 128 and, therefore, deny same.

129.    Ryon Raghurai denies the allegations of Paragraph 129 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 129 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 129 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 129 and, therefore, deny same.

130.    Ryon Raghurai denies the allegations of Paragraph 130 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 130 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130 and, therefore, deny same.

## ELEVENTH COUNT
### Tortious Interference With Prospective Advantage
### (Against All Defendants)

131.    Answering Defendants repeat and reallege their responses to Paragraphs 1 through 130 as if fully set forth herein.

132.    Ryon Raghurai denies the allegations of Paragraph 132 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 132 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 132 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 132 and, therefore, deny same.

133.     Ryon Raghurai denies the allegations of Paragraph 133 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 133 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 133 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 133 and, therefore, deny same.

134.     Ryon Raghurai denies the allegations of Paragraph 134 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 134 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 134 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 134 and, therefore, deny same.

135.     Ryon Raghurai denies the allegations of Paragraph 135 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 135 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 135 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 135 and, therefore, deny same.

**TWELFTH COUNT**
**Connecticut Uniform Trade Secrets Act**
**(Against All Defendants)**

136.     Answering Defendants repeat and reallege their responses to Paragraphs 1 through 135 as if fully set forth herein.

137.     Ryon Raghurai admits that he had access to certain information maintained by Summit but is without knowledge or information sufficient to form a belief as to the information to which Summit is referring in Paragraph 137 and, therefore, denies the remaining allegations of the Paragraph 137.  Taylored Staffing and Alvin Raghurai admit that they had access to certain information maintained by Summit but are without knowledge or information sufficient to form a belief as to the information to which Summit is referring in Paragraph 137 and, therefore, deny the remaining allegations of the Paragraph 137.

138.     Ryon Raghurai denies the allegations of Paragraph 138 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 138 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 138 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 138 and, therefore, deny same.

139.     Defendant Ryon Raghurai denies the allegations of Paragraph 139.  Taylored Staffing and Alvin Raghurai deny the allegations set forth in the last sentence of Paragraph 139

and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 139 and, therefore, deny same.

140.   Ryon Raghurai denies the allegations of Paragraph 140 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 140 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 140 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 140 and, therefore, deny same.

141.   Ryon Raghurai denies the allegations of Paragraph 141 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 141 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 141 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 141 and, therefore, deny same.

142.   Ryon Raghurai denies the allegations of Paragraph 142 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 142 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 142 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 142 and, therefore, deny same.

## THIRTEENTH COUNT
### Conversion
### (Against Defendant Ryon and Alvin)

Plaintiff's Thirteenth Count makes no claims against Taylored Staffing and, therefore, Taylored Staffing does not respond to the allegations set forth therein.  Ryon Raghurai and Alvin Raghurai respond to the allegations of the Thirteenth Count as follows:

143.    Ryon Raghurai and Alvin Raghurai repeat and reallege their responses to Paragraphs 1 through 142 as if fully set forth herein.

144.    Ryon Raghurai denies the allegations of Paragraph 144, and alleges that he has offered to return Summit property in his possession.  Alvin Raghurai lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 and, therefore, denies same.

145.    Paragraph 145 is vague and ambiguous with respect to the property at issue, and thus Ryon Raghurai and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 and, therefore, deny same.

146.    Ryon Raghurai lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 and, therefore, denies same.  Alvin Raghurai denies the allegations of Paragraph 146, and alleges that an offer has been made to return the Summit property at issue.

147.    Paragraph 147 is vague and ambiguous with respect to the property at issue, and thus Ryon Raghurai and Alvin Raghurai lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 and, therefore, deny same.

148.     Ryon Raghurai denies the allegations of Paragraph 148 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 148 and, therefore, denies same.  Alvin Raghurai denies the allegations of Paragraph 148 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 148 and, therefore, denies same.

149.     Ryon Raghurai denies the allegations of Paragraph 149 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 149 and, therefore, denies same.  Alvin Raghurai denies the allegations of Paragraph 149 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 149 and, therefore, denies same.

**FOURTEENTH COUNT**
**Connecticut Unfair Trade Practices Act**
**(Against All Defendants)**

150.     Answering Defendants repeat and reallege their responses to Paragraphs 1 through 149 as if fully set forth herein.

151.     Paragraph 151 calls for a legal conclusion, to which no response is required.  To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 and, therefore, deny same.

152.     Ryon Raghurai denies the allegations of Paragraph 152 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 152 and, therefore, denies same.  Taylored

Staffing and Alvin Raghurai deny the allegations of Paragraph 152 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 152 and, therefore, deny same.

153.    Ryon Raghurai denies the allegations of Paragraph 153 to the extent they are directed to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 153 and, therefore, denies same.  Taylored Staffing and Alvin Raghurai deny the allegations of Paragraph 153 to the extent they are directed to Taylored Staffing's and Alvin Raghurai's conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 153 and, therefore, deny same.

154.    Paragraph 154 does not contain a factual allegation, and thus no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

One or more of plaintiff's claims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Venue is improper in this Court.

### THIRD AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the statute of frauds.

### FOURTH AFFIRMATIVE DEFENSE

To the extent the Confidentiality and Non-Competition Agreement alleged in the Complaint exists, the terms of such Confidentiality and Non-Competition Agreement are unreasonable, invalid and unenforceable.

## FIFTH AFFIRMATIVE DEFENSE

The non-competition provisions of the General Contractor Agreement between Summit and Taylored Staffing are unreasonable, invalid and unenforceable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy and perform all necessary covenants, conditions and promises it was required to perform in accordance with the terms and conditions of any contract it had with the Answering Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendants' obligations to plaintiff under any contract or agreement were subject to such contract or agreement and were excused by plaintiff's prior material breach of its own obligations under such contract or agreement.

## EIGHTH AFFIRMATIVE DEFENSE

The matters claimed by plaintiff to be trade secrets do not constitute trade secret, proprietary or confidential information under applicable law.

## NINTH AFFIRMATIVE DEFENSE

Answering Defendants' conduct breached no duty owing to plaintiff and the conduct of Answering Defendants was at all times authorized, justified and/or privileged under applicable law.

## TENTH AFFIRMATIVE DEFENSE

One or more of plaintiff's claims are barred by the doctrines of waiver, acquiescence and/or estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part  by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Without conceding that plaintiff has suffered any damages as a result of any alleged wrongful act of the Answering Defendants, plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff suffered damages, which the Answering Defendants specifically deny, such losses were caused either by plaintiff's own actions or inactions or by those of third parties over whom Answering Defendants had no control.

WHEREFORE, Answering Defendants pray for judgment as follows:

1.      That plaintiff take nothing by reason of its Complaint;

2.      That Answering Defendants recover their costs, expenses and reasonable attorneys' fees incurred herein;

3.      For such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

Defendant-counterclaimant Taylored Staffing counterclaims against Summit and alleges as follows:

1.      Taylored Staffing is a Canadian corporation with a principal place of business in Ontario, Canada.

2.      Upon information and belief, Summit is a Connecticut corporation with a principal place of business in West Hartford, Connecticut.

3.      This Court has jurisdiction over these counterclaims under 28 U.S.C. § 1367(a).
This Court also has jurisdiction over the counterclaims under the provisions of Rule 13 of the
Federal Rules of Civil Procedure.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

5.      Taylored Staffing hereby restates and realleges the allegations set forth in
Paragraphs 1 through 4 of its Counterclaims and incorporates them by reference.

6.      In or about March 2005, Taylored Staffing and Summit entered into a General
Contractor Agreement under which Taylored Staffing agreed to recruit and provide IT staffing
personnel to Summit to enable Summit to fulfill certain staffing requirements for clients.

7.      At various points, including on June 12, 2007, Taylored Staffing and Summit
agreed to a rate of compensation – based on commission rates – for Taylored Staffing's work in
recruiting and placing personnel to work on Summit's projects with clients.

8.      On or about June 2008, Summit requested that Taylored Staffing shift its focus
from recruiting and placing personnel to, instead, performing sales and account management
services on behalf of Summit.  Because this change would negatively effect the commission
Taylored Staffing would earn from its recruiting activities, the parties agreed that Taylored
Staffing would be paid an additional fee for Taylored Staffing's work in connection with sales
and account management matters.

9.      At the request of Summit, Taylored Staffing provided many hours of sales and
account management work for Summit.

10.      Summit has breached its agreement with Taylored Staffing by failing to pay
Taylored Staffing the sums due and owing for Taylored Staffing's work.

11.    Taylored Staffing has fully performed its contractual obligations to Summit and has satisfied all conditions precedent, if any, to Taylored Staffing's right to recover the sums owed to Taylored Staffing.

12.    As a result of Summit's conduct, Taylored Staffing has suffered damages.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)
### In the Alternative

13.    Taylored Staffing hereby restates and realleges the allegations set forth in Paragraphs 1 through 12 of its Counterclaims and incorporates them by reference.

14.    Taylored Staffing has conveyed valuable benefits upon Summit in performing sales and account management services for Summit

15.    Summit retained the benefits bestowed upon it by Taylored Staffing.

16.    Summit has unjustly failed to pay Taylored Staffing for these benefits.

17.    It would be unjust and inequitable for Summit to be allowed to continue to wrongfully retain the benefits bestowed upon it by Taylored Staffing.

18.    As a result of Summit's actions, Taylored Staffing has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, counterclaim plaintiff Taylored Staffing prays for judgment as follows:

1.    Compensatory damages in an amount to be determined;

2.    Interest and costs;

3.    Such further and other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Ryon Raghurai, Taylored Staffing and Alvin Raghurai demand trial by jury on all claims and issues triable by jury.

DEFENDANTS, SUBHAS RYON
RAGHURAI, TAYLORED STAFFING, INC.
and ALVIN RAGHURAI,


By /s/ Michael A. Bucci_____
    Michael A. Bucci ct#15429
    Day  Pitney LLP
    242 Trumbull Street
    Hartford, CT 06103-1212
    Telephone:  (860) 275-0100
    Facsimile:  (860) 275-0343
    mabucci@daypitney.com

<u>**CERTIFICATE OF ELECTRONIC FILING**</u>

I hereby certify that on June 4, 2009, a copy of Answer and Affirmative Defenses of Defendants Subhas Ryon Raghurai, Taylored Staffing and Alvin Raghurai, and Counterclaim of Taylored Staffing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


   ___/s/ Michael A. Bucci_____
            Michael A. Bucci

-38-