UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUMMIT TECHNOLOGIES, INC. | : | |
| | : | Civil Action No. 3:09CV00531 (SRU) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SUBHAS RYON RAGHURAI, | : | |
| A.S.A.P. RESOURCE GROUP, INC., | : | |
| TAYLORED STAFFING, and | : | |
| ALVIN RAGHURAI, | : | JUNE 30, 2009 |
| | : | |
| Defendants. | : | |

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY ON THE MERITS

By way of the instant motion, defendant A.S.A.P. Resource Group, Inc. ("ASAP") seeks a protective order barring plaintiff Summit Technologies, Inc. ("plaintiff" or "Summit") from pursuing merits-related discovery from ASAP until such time as the Court rules on ASAP's pending motion to dismiss. For the reasons that follow, ASAP's motion should be granted.

I. **Introduction**

Summit brought this action against multiple defendants, including ASAP, a Florida-based corporation, alleging claims for, *inter alia*, breach of certain contractual restrictive covenants, misappropriation of trade secrets, and unfair trade practices. ASAP responded to the Complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that it is not subject to personal jurisdiction in Connecticut. [Docket No. 22]. That motion is scheduled to be heard by the Court on September 11, 2009. [Docket No. 36].

In the meantime, on June 15, 2009, plaintiff served an expansive set of document requests on ASAP, and thereafter expressed an intention to depose ASAP's Director, Joe Forte,

as to any and all matters pertinent to the Complaint. Plaintiff's discovery, and proposed discovery, goes well beyond the matter of personal jurisdiction, delving deep into the merits. This despite the fact that the merits may never be litigated in this Court, or at all for that matter. Accordingly, a protective order should issue staying merits-related discovery directed to ASAP pending resolution of the jurisdictional issue that is *sub judice*.

## II. Law and Argument

"Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may, in its discretion, stay discovery 'for good cause.'" Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc., 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009). "Rule 26(c)... puts the burden on the movant to show good cause for a protective order. But it is easier to show good cause when the movant is merely seeking to postpone discovery until its dismissal motion can be decided," Wilson v. ImageSat International N.V., 2008 WL 126661, at *2 (S.D.N.Y. Jan. 8, 2008), as is the case here.

"In determining whether good cause exists for a stay of discovery, the court should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay. A court should also consider the strength of the dispositive motion that is the basis of the discovery stay application." Cuartero v. U.S., 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006)(Citations and internal quotation marks omitted). Accord Ellington Credit Fund, Ltd., at *1 ("Factors relevant to a court's determination of 'good cause' include: the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed discovery.")(Citations omitted).

Each of the relevant factors favors a stay of merits-related discovery as to ASAP. Plaintiff's request for production is so broad as to encompass virtually any document prepared,

2

sent or received by ASAP that pertains in any way, shape or form to its relationship with plaintiff or the co-defendants.[1] Compilation of the requested documents would not only involve the traditional review of hard copies, but because the parties corresponded primarily via e-mail, an extensive (and costly) scan of ASAP's electronic records would be required as well. The burden and expense to ASAP of such an exercise is obviously significant, particularly since ASAP has no IT department and only two full-time employees.

On the other hand, an adjournment of merits-based discovery pending resolution of ASAP's motion to dismiss will not prejudice Summit to any meaningful degree, if at all. Cuartero, at *3 ("The prejudice to plaintiff from a stay of discovery will be minimal, as discovery will only be stayed until a decision is reached on the Motion to Dismiss."). In the event ASAP's motion is denied, Summit will be able to engage in full blown discovery here, and will have plenty of time to do so under the scheduling order, which establishes a discovery deadline of May 3, 2010. [Docket No. 26]. See Spencer Trask Software and Information Services, LLC v. RPost International Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002)("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.")(Citation and internal quotation marks omitted).

Should ASAP's motion be granted, Summit will have to decide whether to drop the case against ASAP or press on in a proper forum, i.e., Florida. If Summit elects not to litigate on two fronts, there would naturally be no further need for the discovery sought from ASAP. Thus, "resolution of the motion may obviate the need for potentially onerous discovery." Josie-Delerme v. American General Finance Corp., 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009).

---

[1] A copy of Plaintiff's First Set of Requests for Production Addressed to A.S.A.P. Resource Group, Inc. is annexed hereto at Tab A.

And if Summit did elect to initiate suit against ASAP in Florida, it would have a full opportunity to conduct discovery on the merits in that forum. In such circumstances, "full merits discovery in this forum is likely to result in avoidable inefficiencies and pointlessly duplicative efforts. Such inefficiencies are unnecessarily burdensome." Niv. v. Hilton Hotels Corp., 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007).

Finally, without re-stating the basis for ASAP's motion to dismiss, suffice to say that given ASAP's non-existent, or at most extremely attenuated, connection to Connecticut, personal jurisdiction is legitimately in play. [See Docket No. 23]. By no means then is ASAP's motion to dismiss "unfounded in the law." Johnson v. New York University School of Education, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). See also Picture Patents, LLC v. Terra Holdings LLC, 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008)(staying discovery pending resolution of motion to dismiss for lack of subject matter jurisdiction where the motion "cannot be summarily dismissed and, at least preliminarily, appears to have weight.")(Citation omitted).

To reiterate, moreover, "if successful, the motion to dismiss would result in the case not being litigated in this forum. The requested protective order would of course remain in effect only during the pendency of the motion." Niv, at *1. In such circumstances the most expeditious course of action is to limit discovery between ASAP and Summit to those matters that directly bear on the issue of personal jurisdiction. Id. at *2 (granting defendants' motion for a stay and directing that "discovery is limited to issues relating only to *forum non conveniens*.").

### III. Conclusion

For the foregoing reasons, ASAP's motion for a protective order, confining discovery to the issue of personal jurisdiction that is the subject of the pending motion to dismiss, should be granted.

4

Respectfully submitted,

DEFENDANT
A.S.A.P. RESOURCE GROUP, INC.

By: _____
Lawrence Peikes (ct 07913)
lpeikes@wiggin.com
WIGGIN AND DANA LLP
Its Attorneys
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
(203) 363-7600
(203) 363-7676 (fax)

## **CERTIFICATE OF SERVICE**

This is to certify that on the 30th day of June, 2009, a copy of the foregoing Memorandum of Law in Support of Defendant's Motion for Protective Order Staying Discovery on the Merits was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

_____
Lawrence Peikes